IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VALERIE E. CAREY,

                Plaintiff,

v.

BELLSOUTH SHORT TERM
DISABILITY PLAN,

                Defendant.

1:06-cv-2589-WSD

**OPINION AND ORDER**

The matter is before the Court on Defendant BellSouth Short Term Disability Plan's ("BellSouth") Motion to File Supplemental Brief Regarding the Definition of Disability [41] and Plaintiff Valerie E. Carey's ("Plaintiff") Motion to Strike [42].

On June 5, 2007, BellSouth moved for summary judgment on Plaintiff's claims that it improperly denied her disability benefits in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

On January 17, 2008, the Court entered an Order (the "January Order") denying BellSouth's summary judgment motion [40]. The Court remanded the case to BellSouth for the purposes of:

> (1) developing a complete factual record on the issue of whether Carey was capable of performing her own job, with or without accommodations, a comparable job, with or without accommodations, or temporary modified duties; and
> (2) applying the proper standard for "disability," as set forth in this Order, to an adequate administrative record to determine whether Carey is entitled to STD (or LTD) benefits.

Id. at 34.  In addition to determining that BellSouth had failed to develop an adequate factual record upon which the Court could adjudicate Plaintiff's claims, the Court examined and construed the term "disability" as defined in the BellSouth Short Term Disability Plan (the "STD Plan"):

> The Court construes "any type of work" to mean work that falls into one of three categories, regardless of whether BellSouth or any other participating company has a job available in any particular category: (1) the participant's regular job, with or without accommodations; (2) a job comparable in skills and functions to the participant's regular job, with or without accommodations; or (3) temporary modified duties.

Id. at 21.  The Court determined that BellSouth's construction of "any type of work," to mean any work at all, was broader than the STD Plan's express terms, and was therefore in error.  The Court's remand Order obligated BellSouth to

determine Plaintiff's eligibility for benefits in accordance with the STD Plan as correctly construed.

On January 31, 2008, BellSouth filed a Motion to File Supplemental Brief Regarding the Definition of Disability.  BellSouth appears to argue that the parties' briefing on summary judgment did not adequately address the definition of "disability" in the STD Plan and that the Court incorrectly construed the term in its January Order.  Attached to BellSouth's Motion is a Declaration of the principal author of the STD Plan, stating that the intent of the definition of "disability" in the STD Plan was to encompass any form of work, not limited to types of work comparable to the participant's regular job.

On February 5, 2008, Plaintiff moved to strike BellSouth's proposed supplemental brief as an improper motion for reconsideration.

The Court determines that it is more procedurally appropriate to deem BellSouth's Motion to File Supplemental Brief as a limited Motion for Reconsideration of the Court's January Order.  See [41] at 1 n.1.  The Federal Rules of Civil Procedure permit litigants to move the Court to alter or amend its judgments, Fed. R. Civ. P. 59(e), but the Court does not reconsider its orders as a matter of routine practice.  LR 7.2E, NDGa.  A motion for reconsideration is

appropriate only where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996).  A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

BellSouth has not identified any intervening development or change in the law to justify reconsideration.  BellSouth also does not present any *newly-discovered* evidence for the Court's consideration.  The only new evidence submitted in support of the reconsideration motion is the Declaration of Helen Peavler.  BellSouth does not even attempt to argue why it could not have submitted

this evidence in support of its original motion for summary judgment.[1] BellSouth's sole argument for why it did not fully brief the issue of what constitutes a "disability" under the STD Plan is that it believed the issue to be uncontested. The Court subsequently examined and construed the STD Plan's language, as it is required to do in ERISA cases, in a more restrictive manner than BellSouth apparently had anticipated. Other than its own diligence, nothing prevented BellSouth from arguing for a broad definition of "disability" through its motion for summary judgment.

The Court may also reconsider orders to correct a clear error of law or fact. BellSouth argues that the Court's construction of "disability" is inconsistent with the STD Plan's terms. The Court disagrees.

The Court is required to construe terms in ERISA policies consistent with specific definitions in the policy. Brown v. Blue Cross and Blue Shield of Ala., Inc., 898 F.2d 1556, 1571 n.17 (11th Cir. 1990), cert. denied, 498 U.S. 1040 (1991). Plan administrators "must adopt interpretations of plan provisions which are consistent with the *written* terms of the plan. [The plan administrator] may not

---

[1] Ms. Peavler apparently has been employed in the administration of BellSouth's disability plans since at least 1991. Peavler Decl. [41-3] at 2-3.

justify a plan interpretation on its consistency with actual practice when the interpretation is inconsistent with the written terms concerning the practice." Id. (emphasis in original). Terms that are not defined specifically by the plan are interpreted according to their "plain" meanings. Bedinghaus v. Modern Graphic Arts, 15 F.3d 1027, 1029-30 (11th Cir. 1994), cert. denied, 513 U.S. 963 (1994).

The STD Plan defines "disability" as "a medical condition supported by objective medical evidence, which . . . makes a Participant unable to perform any type of work as a result of physical or mental illness or an accidental injury . . . ." STD Plan [42, Exh. A] § 2.10. The STD Plan defines "any type of work" to "include[] the following regardless of availability:  (a) the Participant's regular job with or without accommodations, (b) any other Participating Company job with or without accommodations, or (c) temporary modified duties." Id.

The STD Plan also specifically defines the term "Participating Company job." The term is defined as "any job within a Participating Company or any job outside a Participating Company, which is comparable in skills and functions." Id.

The Court construed the language quoted above in its January Order, and the Court determined that the plain meaning of the text required that the phrase "which is comparable in skills and functions" refers to the "skills and functions" of the

Participant's "regular job."  The Court based its construction on its consideration of the "disability" definition as a whole.  If the phrase "Participating Company job" is replaced with its specific definition, as the STD Plan expressly requires, then it is clear that "comparable in skills and functions" refers to the immediately preceding clause – "the Participant's regular job."

BellSouth now seeks a reconsideration of that construction.  BellSouth concedes that the Court construed the correct language from the STD Plan but argues that the Court erred in its construction.  BellSouth supports this argument with a Declaration purporting to show the authors' intent in drafting § 2.10 of the STD Plan.  BellSouth's argument is misguided.  The Court is obligated to consider Plaintiff's claims in light of the express terms of the STD Plan.  The Court relies on the plain meanings of Plan terms, especially the plain meanings of words or phrases expressly defined in the Plan.  BellSouth's argument rests on its assertion that the Court erred in its initial construction of the STD Plan.  A motion for reconsideration is not BellSouth's chance to instruct the Court on how it could have done something better the first time.   Having presented no valid grounds to justify reconsideration, BellSouth's motion is denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to File Supplemental Brief Regarding the Definition of Disability [41] is **DENIED**.  Plaintiff's Motion to Strike [42] is **DENIED AS MOOT**.

**SO ORDERED** this 29th day of February 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE